IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MITCHELL WINKLEMANN, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> PARKWAY BANK AND TRUST COMPANY, ) <br> Not Individually but as Trustee of the Trust ) <br> Agreement dated November 22, 1999, ) <br> and known as Trust Number 12444, ) <br> ) <br> Defendant. ) | CIVIL ACTION <br><br> Case No. 1:24-CV-12849 |

**FINAL DEFAULT JUDGMENT AGAINST DEFENDANT**

    **THIS CAUSE** is before the Court upon Plaintiff's Verified Motion for Final Default Judgment against Defendant PARKWAY BANK AND TRUST COMPANY, Not Individually but as Trustee of the Trust Agreement dated November 22, 1999, and known as Trust Number 12444 filed March 10, 2025 (Hereinafter "Defendant"). Plaintiff filed this action on December 15, 2024. On March 6, 2025 the Clerk entered Default [D.E. 15] against Defendant, PARKWAY BANK AND TRUST COMPANY, Not Individually but as Trustee of the Trust Agreement dated November 22, 1999, and known as Trust Number 12444, due to its failure to properly answer or otherwise properly plead to the Complaint. Therefore, it is hereby

    **ORDERED and ADJUDGED** as follows:

    Plaintiff's Verified Motion for Final Default Judgment against Defendant, PARKWAY BANK AND TRUST COMPANY, Not Individually but as Trustee of the Trust Agreement dated November 22, 1999, and known as Trust Number 12444, is **GRANTED**. Judgment is hereby entered in favor of Plaintiff, MITCHELL WINKLEMANN against Defendant, PARKWAY

1

BANK AND TRUST COMPANY, Not Individually but as Trustee of the Trust Agreement dated November 22, 1999, and known as Trust Number 12444.  The Court herby ENJOINS Defendant, PARKWAY BANK AND TRUST COMPANY, Not Individually but as Trustee of the Trust Agreement dated November 22, 1999, and known as Trust Number 12444, from continuing its discriminatory practices, and ORDERS Defendant, PARKWAY BANK AND TRUST COMPANY, Not Individually but as Trustee of the Trust Agreement dated November 22, 1999, and known as Trust Number 12444, to alter the Facility located at 698 S. Barrington Road, Streamwood, IL  60107 (the "Property") to comply with 42 U.S.C. § 12181, *et seq.* as follows:

**ACCESSIBLE ELEMENTS**

i. Defendant shall have at least four accessible parking spaces on the Property in compliance with Section 208.2 of the 2010 ADAAG Standards.

ii. Defendant shall modify the bottom edge of the signs identifying the accessible parking space on the south side of the parking lot so the height of the bottom edge of the sign is above 60 inches from the floor in compliance with Section 502.6 of the 2010 ADAAG Standards.

iii. Defendant shall modify the the accessible parking space on the south side of the parking lot so it has an access aisle in compliance with Section 502.3.3 of the 2010 ADAAG Standards.

iv. Defendant shall ensure the accessible parking space on the south side of the parking lot is located on the shortest distance to the accessible route in compliance with Section 208.3.1 of the 2010 ADAAG Standards.

v.     Defendant shall ensure that any future accessible parking space on the south side of the parking lot has an access aisle in compliance with section 502.3.4 of the 2010 ADAAG standards.

vi.     Defendant shall modify the doorway threshold at Units 698A and 698B so they are in compliance with Section 404.2.5 of the ADAAG Standards.

vii.     Defendant shall modify the maneuvering clearance of the accessible entrance at Units 698A and 698B so they are in compliance with Section 404.2.4.4 of the ADAAG Standards.

viii.     Defendant shall, between Units 694 and 690, enforce a policy of maintaining a minimum 36 (thirty-six) inch accessible route in compliance with Section 403.5.1 of the ADAAG Standards.

ix.     Defendant enforce a policy of maintaining a minimum 36 (thirty-six) inch accessible route nearest Unit 684 in compliance with Section 403.5.1 of the ADAAG Standards to all publicly accessible areas of the Property on an access route.

x.     Defendant shall modify the property as to the barriers to access identified in viii and ix above, so that there is an accessible route connecting accessible facilities, accessible elements and/or accessible spaces of the Property in compliance with Section 206.2.2 of the 2010 ADAAG Standards.

xi.     Defendant shall modify the two accessible parking spaces on the north side of the Property so they have marked access aisles in compliance with Section 502.3.3 of the 2010 ADAAG Standards.

xii. Defendant shall modify the height of the bottom edge of the signs identifying the accessible parking space on the north side of the Property so the height of the bottom edge of the sign is above 60 inches from the floor in compliance with Section 502.6 of the 2010 ADAAG Standards.

xiii. Defendant shall have at least one accessible parking space on the Property that has a sign designating it as "Van Accessible in compliance with Section 208.2.4 and 502.6 of the 2010 ADAAG Standards.

xiv. Defendant shall ensure the two accessible parking spaces on the north side of the Property are located on the shortest distance to the accessible route leading to the accessible entrances in compliance with Section 208.3.1 of the 2010 ADAAG Standards.

xv. Defendant shall ensure that any future accessible parking space on the north side of the parking lot has an access aisle in compliance with section 502.3.4 of the 2010 ADAAG standards.

xvi. Defendant shall provide an accessible route from the sidewalk to the accessible entrances in compliance with section 206.2.1 of the 2010 ADAAG Standards.

xvii. Defendant shall modify the sales and services counters inside El Rodeo Tacos so the counter has a section with a maximum height of 36 (thirty-six) inches from the finished floor in compliance with Section 904.4 of the 2010 ADAAG Standards.

xviii. Defendant shall modify the interior walking surfaces leading to the restroom so that there is a 36 (thirty-six) inch clear width in compliance with Section 403.5.1 of the 2010 ADAAG Standards.

xix. Defendant shall modify the lack of an accessible route connecting the exterior of the Property to all accessible elements and features inside the Property in compliance with Section 206.2.4 of the 2010 ADAAG Standards.

xx. Defendant shall enforce a policy of removing any obstacles intruding into the 36 (thirty-six) inch clear width interior access route in compliance with Section 403.5.1 of the 2010 ADAAG Standards.

xxi. Defendant shall enforce a policy of keeping the accessible route inside India Foodie clear of obstacles so there is an accessible route connecting the exterior entrance of the Unit to all accessible elements inside the unit in compliance with section 206.2.4 of the 2010 ADAAG Standards.

xxii. Defendant shall adhere to policies and practices which ensure all accessible elements are readily accessible and usable by disabled individuals.

**EL RODEO TACOS RESTROOMS**

xxiii. Defendant shall install signage on or about the restroom entrances in compliance with Section 216.8 and 703 of the 2010 ADAAG Standards.

xxiv. Defendant shall install the door hardware providing access to the restroom or stall in compliance with Section 404.2.7 of the 2010 ADAAG Standards.

xxv. Defendant shall insulate exposed pipes and surfaces under the sink so they are configured to protect against harmful contact in compliance with Section 606.5 of the 2010 ADAAG Standards.

xxvi. Defendant shall modify the height of the mirror in the bathroom so the bottom edge of the reflective surface has a maximum height below the 40-inch maximum height in compliance with Section 603.3 of the 2010 ADAAG Standards.

xxvii. Defendant shall modify the underside of the rear grab bar from the top of the toilet in compliance with Section 609.3 of the 2010 ADAAG Standards.

xxviii. Defendant shall modify the toilet paper dispenser so that it is positioned 7-9 inches from the front of the toilet in compliance with Section 604.7 of the 2010 ADAAG Standards.

xxix. Defendant shall modify the clear floor space for the toilet in compliance with Section 604.3.2 of the 2010 ADAAG Standards.

**INDIA FOODIE RESTROOMS**

xxx. Defendant shall modify the signage of the restroom so that it is positioned on the latch side of the door in compliance with Section 703.4.2 of the 2010 ADAAG Standards.

xxxi. Defendant shall modify the door to the restroom so it has clear maneuvering clearance in compliance with Section 404.2.4 of the 2010 ADAAG Standards.

xxxii. Defendant shall modify the rear grab bar so that it extends 24 inches from the centerline of the toilet in compliance with Section 604.5.2 of the 2010 ADAAG Standards.

xxxiii. Defendant shall insulate exposed pipes and surfaces under the sink so they are configured to protect against harmful contact in compliance with Section 606.5 of the 2010 ADAAG Standards.

xxxiv. Defendant shall modify the restrooms grab bars so that it extends 36 inches in length in compliance with Section 604.5.2 of the 2010 ADAAG Standards.

All references to "ADAAG Standards" shall refer to ADA Accessibility Guidelines for Buildings and Facilities (ADAAG) as amended through September 2010.

The above-referenced alterations and modifications shall be completed in all respects by July 1, 2025. If the alterations and modifications are not completed in all respects by July 1, 2025, then Defendant, PARKWAY BANK AND TRUST COMPANY, Not Individually but as Trustee of the Trust Agreement dated November 22, 1999, and known as Trust Number 12444, shall be subject to reasonable sanctions to compel compliance with this Judgment. Said sanctions may include but not be limited to per diem fines and/or the closing of the premises until said modifications are completed.

The Court retains jurisdiction of the above-styled action to permit Plaintiff to seek attorney's fees and costs and to assure Defendant, PARKWAY BANK AND TRUST COMPANY, Not Individually but as Trustee of the Trust Agreement dated November 22, 1999, and known as Trust Number 12444's subsequent compliance with this Judgment and the Americans with Disabilities Act.

DONE AND SIGNED in Chambers, this 1st day of April, 2025.

_____
MATTHEW F. KENNELLY
UNITED STATES DISTRICT JUDGE

Copies furnished to:

PARKWAY BANK AND TRUST COMPANY, Not Individually but as Trustee of the Trust Agreement dated November 22, 1999, and known as Trust Number 12444